**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Angelina Chavez,

      Plaintiff,

v.

Arizona Lottery and Nevada Lottery,

      Defendants.

No. CV-26-02612-PHX-JAT

**ORDER**

On April 16, 2026, Plaintiff filed a "complaint" and an application to proceed in forma pauperis. (Docs. 1-2). Generally, 28 U.S.C. § 1915(e)(2) provides that this Court should screen all in forma pauperis complaints. *See Kennedy v. Andrews,* 2005 WL 3358205, *2 (D. Ariz. 2005); *Hairston v. Juarez,* No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).

In this case, however, the Court cannot proceed to screening because there is no complaint on file that satisfies Federal Rule of Civil Procedure 3. Rule 3 provides: "A civil action is commenced by filing a complaint with the court."

At Document 1 in this case, Plaintiff filed a form complaint which contains pre-printed sections. After the pre-printing in each section, Plaintiff hand wrote something. However, Plaintiff's handwriting is so illegible, the Court cannot discern what she is alleging.

Local Rule Civil 7.1(b) states:

The body of all documents shall be typed double-spaced and shall not exceed 28 lines per page; they shall not be single-spaced except for footnotes and

indented quotations. All pleadings, motions and other original documents filed with the Clerk shall be in a fixed-pitch type size no smaller than ten (10) pitch (10 letters per inch) or in a proportional font size no smaller than 13 point, including any footnotes….

In other cases, the Court has allowed exceptions to this typing requirement if a plaintiff explains why typing is not possible.  In this case, Plaintiff offers no explanation for her failure to comply with Local Rule Civil 7.1(b).  Moreover, because the Court cannot read Plaintiff's handwriting, the typing requirement is even more critical.

Because the Court cannot read Plaintiff's complaint, the Court cannot conclude that a "complaint" under Rule 3 has been filed to commence this action.  Further, the Court cannot screen the "complaint" under 28 U.S.C. § 1915(e)(2).  Accordingly,

**IT IS ORDERED** that Doc. 1 is stricken.  Plaintiff has 30 days from the date of this Order to file an amended complaint.  Plaintiff must type the amended complaint or explain why she is unable to comply with Local Rule Civil 7.1(b).  If Plaintiff submits anything further that is handwritten, the filing must be printed in a clear, legible format.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint within 30 days, the Clerk of the Court shall enter a judgment dismissing this case without prejudice.[1]

Dated this 21st day of April, 2026.

_____
James A. Teilborg
Senior United States District Judge

---

[1] The Court is doubtful that a judgment is required if no complaint under Rule 3 was ever filed. Nonetheless, out of an abundance of caution, the Court has directed entry of judgment.  *See* Fed. R. Civ. P. 58.