**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Angelina Chavez,

      Plaintiff,

v.

Arizona Lottery and Nevada Lottery,

      Defendants.

No. CV-26-02612-PHX-JAT

**ORDER**

## I.    Original Complaint and Prior Order

On April 21, 2026, the Court issued the following Order:

> On April 16, 2026, Plaintiff filed a "complaint" and an application to proceed in forma pauperis. (Docs. 1-2). Generally, 28 U.S.C. § 1915(e)(2) provides that this Court should screen all in forma pauperis complaints. *See Kennedy v. Andrews,* 2005 WL 3358205, *2 (D. Ariz. 2005); *Hairston v. Juarez,* No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).
>
> In this case, however, the Court cannot proceed to screening because there is no complaint on file that satisfies Federal Rule of Civil Procedure 3. Rule 3 provides: "A civil action is commenced by filing a complaint with the court."
>
> At Document 1 in this case, Plaintiff filed a form complaint which contains pre-printed sections. After the pre-printing in each section, Plaintiff hand wrote something. However, Plaintiff's handwriting is so illegible, the Court cannot discern what she is alleging.
>
> Local Rule Civil 7.1(b) states:
>
>> The body of all documents shall be typed double-spaced and shall not exceed 28 lines per page; they shall not be single-spaced except for footnotes and indented quotations. All pleadings, motions and other original documents filed with the Clerk shall be in a fixed-pitch type size no smaller than ten (10)

pitch (10 letters per inch) or in a proportional font size no smaller than 13 point, including any footnotes….

In other cases, the Court has allowed exceptions to this typing requirement if a plaintiff explains why typing is not possible. In this case, Plaintiff offers no explanation for her failure to comply with Local Rule Civil 7.1(b). Moreover, because the Court cannot read Plaintiff's handwriting, the typing requirement is even more critical.

Because the Court cannot read Plaintiff's complaint, the Court cannot conclude that a "complaint" under Rule 3 has been filed to commence this action. Further, the Court cannot screen the "complaint" under 28 U.S.C. § 1915(e)(2). Accordingly,

**IT IS ORDERED** that Doc. 1 is stricken. Plaintiff has 30 days from the date of this Order to file an amended complaint. Plaintiff must type the amended complaint or explain why she is unable to comply with Local Rule Civil 7.1(b). If Plaintiff submits anything further that is handwritten, the filing must be printed in a clear, legible format.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file an amended complaint within 30 days, the Clerk of the Court shall enter a judgment dismissing this case without prejudice.

(Doc. 5) (footnote omitted).

## II.    Amended Complaint

On May 12, 2026, Plaintiff filed an amended complaint. (Doc. 6). Plaintiff did not comply with Local Rule Civil 7.1(b) because she did not type her complaint. Further, Plaintiff did not explain why she should be excused from compliance with the Local Rule. For this reason alone, the amended complaint can be dismissed. *See* Fed. R. Civ. P. 41(b) (discussing dismissals for failure to comply with a court order).

## III.    In Forma Pauperis Motion

Additionally, as mentioned in the prior order, Plaintiff has moved to proceed in forma pauperis. And, 28 U.S.C. § 1915(e)(2) provides that this Court should screen all in forma pauperis complaints. *See Kennedy v. Andrews,* 2005 WL 3358205, *2 (D. Ariz. 2005); *Hairston v. Juarez,* No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023). More specifically, in forma pauperis motions are evaluated both for ability to pay, and whether they state a claim.

### A.    Ability to Pay

"There is no formula set forth by statute, regulation, or case law to determine when

someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

Here, Plaintiff claims that her expenses exceed her income.  (Doc. 2).  The Court finds she cannot afford the filing fee and will grant in forma pauperis status.

### B.      Screening – 28 U.S.C. § 1915(e)(2)

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints").  "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."  *Id.*  Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy*, 2005 WL 3358205, *2.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston*, 2023 WL 2468967, at *2.

Here, self-represented Plaintiff Angelina Chavez brings this case on behalf of herself.  Plaintiff has confirmed she is the only Plaintiff both in the caption of the amended complaint, and in the list of the parties on page one. (Doc. 6).  Later in the amended complaint when discussing jurisdiction, Plaintiff claims to represent Target Corporation as another plaintiff.  The Court has disregarded this reference to Target Corporation because it is not listed in the caption or the list of parties and because a pro se cannot represent

anyone but themselves. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities.") (collecting cases).

Plaintiff sues three Defendants: the Arizona Lottery, the Nevada Lottery, and the U.S. Department of State. (Doc. 6 at 2). Plaintiff claims the basis for federal subject matter jurisdiction is a federal question. (*Id*. at 3). The totality of Plaintiff's allegations are:

> I signed a packet when I won money from Nevada Las Vegas casino that the [money] couldn't be claimed by anyone else etc. I also would like to know why Nevada was taken off the list on [the] internet for claims to be [illegible] in this State from [winnings] in another state. They took off Nevada and [illegible]. []
> Several people [illegible] [illegible] [illegible] and tried to claim my winnings from Nevada in Las Vegas casino to a [illegible] in Scottsdale, Arizona. I'm not sure where the [illegible] is I'm [illegible] I want to claim my money. Arizona lottery took [off] Nevada and [Washington] from jackpots being able to be claimed in Arizona and I was told by the judge to sue. []
> If I claim this money it would cancel [out] my social security card.

(Doc. 6) (all omitted text is on a pre-printed form which is not specific to Plaintiff's case) (bracketed information is the Court's best effort at interpreting Plaintiff's handwriting).

Preliminarily, the Court cannot locate a "federal question" among these allegations that would give this Court subject matter jurisdiction over this case.

Next, no claim is stated against the U.S. Department of State because it is never mentioned in the allegations.

Additionally, no claim is stated against the Nevada Lottery because it is never mentioned in the allegations. Moreover, based on the Court's preliminary review of the Nevada Constitution, the Court does not believe Nevada has a state lottery. *See* Nevada Constitution, Article 4, Section 24 ("1. Except as otherwise provided in subsection 2, no lottery may be authorized by this State, nor may lottery tickets be sold. 2. The State and the political subdivisions thereof shall not operate a lottery. The Legislature may authorize persons engaged in charitable activities or activities not for profit to operate a lottery in the form of a raffle or drawing on their own behalf…."). As a result, Defendant "Nevada Lottery" likely does not exist.

- 4 -

Finally, no claim is stated against the Arizona lottery because Plaintiff makes no allegation that would make the Arizona state run lottery responsible for actions taken with respect to a jackpot allegedly won at a casino in Las Vegas, Nevada.

After considering the allegations in this case, the Court finds that no additional allegations would cure the Court's lack of jurisdiction over this case. There is no federal question alleged, and no claim under these facts that would plausibly be a federal question. Thus, the Court will dismiss this case, without leave to amend, because there is no jurisdiction.

## IV. Conclusion

Based on the foregoing,

**IT IS ORDERED** granting Plaintiff's motion to proceed in forma pauperis (Doc. 2).

**IT IS FURTHER ORDERED** dismissing this case, without prejudice, and the Clerk of the Court shall enter judgment accordingly.

Dated this 14th day of May, 2026.

James A. Teilborg
Senior United States District Judge